(C. D. 172)

SAM'L. FRANKEL SILK CORP. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided June 5, 1939)

*Walden & Webster* (*Jacob L. Klingaman* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Joseph E. Weil*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

KINCHELOE, Judge: The merchandise here in question is invoiced as men's mufflers, and was returned by the appraiser as unhemmed, in chief value of cotton, of a staple under 1⅛ inches in length, and containing wool. According to the customs laboratory report filed with record the said mufflers are woven and have a wool content of 15.9

per centum by weight. Duty appears to have been assessed on the merchandise at the rate of 60 per centum ad valorem under paragraph 906 of the Tariff Act of 1930, as "cloth, in chief value of cotton, containing wool," by virtue of paragraph 918, which provides that woven mufflers, wholly or in chief value of cotton, not hemmed, shall be subject to duty as cloth. The merchandise is claimed by plaintiff to be dutiable under paragraph 904 of said act as cotton cloth, according to condition and average yarn number, by reason of said paragraph 918.

The plaintiff in its brief relies on the case of *St. Andrews Textile Co.* v. *United States,* reported as Abstract 14146 (58 Treas. Dec. 1167), wherein woven mufflers of cotton and wool, in chief value of cotton, were claimed and held dutiable as cotton cloth under the provisions of paragraph 903 of the Tariff Act of 1922. Under that act there was, however, no provision for "cloth, in chief value of cotton, containing wool, 60 per centum ad valorem," as contained in said paragraph 906 of the present act of 1930. Now under paragraph 918 of the present act, which is the same in all material respects as paragraph 918 of the act of 1922, the classification of woven mufflers in chief value of cotton lies between the provision for "cotton cloth" under the countable provisions of paragraph 904, or as "cloth, in chief value of cotton, containing wool," under said paragraph 906. In our opinion it is only too obvious that the latter provision more specifically covers the merchandise in controversy. The claim of the plaintiff is therefore overruled. Note *Cosmos Textile Corporation* v. *United States,* 21 C. C. P. A. 124, T. D. 46449.

Judgment will be rendered accordingly.